■ In the Matter of PROVIDENCIA CUEVAS, Respondent, v EMANUEL POPOLIZIO, as Chair of the New York City Housing Authority, et al., Appellants. [609 NYS2d 224] —Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), entered December 10, 1992, which, *inter alia,* granted respondents' motion for renewal, and upon renewal, modified a prior order, same court and Justice, dated September 25, 1991, to the extent of declaring that the reversal of respondents' ineligibility determination was retroactive to the date of the original determination; that petitioner was entitled to be certified to an appropriate housing project and placed on all appropriate waiting lists *nunc pro tunc;* and that respondent was in violation of its own policies, rules and regulations and of the United States Housing Act of 1937 (42 USC § 1437 *et seq.),* unanimously affirmed, without costs.

We find no basis to disturb the IAS Court's determination inasmuch as the judgment appealed from does not abrogate existing New York City Housing Authority (NYCHA) policy but merely requires respondents to follow it. The excerpts from the NYCHA Application Manual, submitted in support of respondents' motion to renew provide at paragraph 3 of chapter I that if "the Eligibility Interviewer decides that the family qualifies, the applicant *shall be declared eligible."* (Emphasis added.) This provision goes on to state that if "the Eligibility Interviewer finds that there is a question as to

whether the family qualifies, steps shall be initiated to make a determination of eligibility", thus evidencing an intention that all of the relevant materials be gathered and questions be answered *before* the interviewer makes an eligibility determination. Even where the matter requires referral to a social worker a "final determination" on eligibility is required to be made before notification is sent to the applicant *(see,* Housing Authority Application Manual, ch I, par 3 [b], R 252), and where the interviewer determines that an applicant is ineligible, he or she must submit this finding to the supervisor, and if the supervisor concurs, the Manual provides that the recommendation shall be "final" *(ibid.).* The Manual also allows for the temporary deferral of an eligibility determination "pending clarification of conditions affecting eligibility" but states that deferral is *not* authorized in the case of families facing displacement or in other emergency need of housing, and *further provides* that "Under *no* circumstances shall the period of deferral exceed one year." (Emphasis added.) In this case, respondents waited 2 years after interviewing petitioner before notifying her that she was ineligible. Moreover, as noted by the IAS Court, the procedures submitted by respondents evidence an intention and policy that there be some completeness and finality at what the IAS Court deemed the "Step 2" eligibility interview stage of the application process.

Accordingly, based upon respondents' own written policies, aside from updating information, it cannot be argued that a reversal of a purportedly "final" determination should not be deemed "final", or that it is rational and reasonable to subject applicants in desperate need of housing to additional and piecemeal "eligibility" findings once that applicant has completed the eligibility interview phase. The IAS Court was correct in declaring that respondents' failure to place applicants on the list effective as of the date of the initial erroneous agency determination "based on respondents' error, mistake, inadvertence or bad faith" deprived these individuals of the rank their priority standing was intended to provide and of the finality intended as evidenced by respondents' own policy and procedure manual. Such a directive does not interfere with Housing Authority prerogative or discretion. It merely requires the Housing Authority to exercise that discretion as of the date the applicant would otherwise have been certified to the eligible list. Concur—Murphy, P. J., Sullivan, Carro, Rosenberger and Asch, JJ.